IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 19, 2005

## MICHAEL LINDSEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-27883   Carolyn Wade Blackett, Judge**

_____

**No. W2004-01169-CCA-R3-PC  - Filed April 25, 2005**

_____

The petitioner, Michael Lindsey, appeals the dismissal of his petition for DNA testing pursuant to the Post-Conviction DNA Analysis Act, Tennessee Code Annotated section 40-30-301, *et seq.*  On appeal, he argues that the post-conviction court erred in dismissing the petition without holding an evidentiary hearing.  Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Michael Lindsey, Hardeman County Correctional Facility, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michael Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The petitioner was convicted by a Shelby County Criminal Court jury of second degree murder in 1989 and sentenced as a Range II offender to seventy years imprisonment. His conviction and sentence were affirmed by this court on direct appeal, and no application for permission to appeal to the supreme court was filed. See State v. Michael Lindsey, No. 35, 1990 WL 14557, at *1 (Tenn. Crim. App. Feb. 21, 1990), no perm. to appeal filed. The circumstances surrounding the crime are set forth in our direct appeal opinion, which reveals that the victim, the nephew of a drug dealer, was fatally shot in the back by the petitioner after the petitioner and a female accomplice had gone to the drug dealer's house to rob him and the victim engaged in a struggle with the petitioner over his gun. Id. In 1993, the petitioner filed a petition for post-conviction relief, which was denied, followed by a second petition for post-conviction relief in 2003, which was also denied.

On January 30, 2004, the petitioner filed a *pro se* petition for DNA testing under the Post-conviction DNA Analysis Act of 2001, requesting that DNA testing be performed on the "human biological evidence" collected in the case, specifically, the "bullets, clothing's [sic], hair samples, blood and finger prints [sic]." In response, the State filed a motion to dismiss on the basis that no DNA evidence was collected in the petitioner's case. On April 16, 2004, the post-conviction court entered an order denying the request for DNA analysis, finding that the petitioner had failed to demonstrate a basis under Tennessee Code Annotated section 40-30-304 for the court to order DNA analysis. Thereafter, the petitioner filed an appeal to this court, arguing that the post-conviction court erred in denying his petition without holding an evidentiary hearing.

## ANALYSIS

The Post-Conviction DNA Analysis Act of 2001 allows a defendant convicted of certain crimes, including second degree murder, to petition the court at any time for DNA analysis of evidence in the possession or control of the State. See Tenn. Code Ann. § 40-30-303 (2003). Section 40-30-304 provides that the court shall order DNA analysis if it finds the following:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304. Similarly, section 40-30-305 permits the trial court to order DNA analysis if it finds that "[a] reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable" and when other requirements, identical to subsections (2) through (4) of section 40-30-304, are met. This court has held that "[t]he failure to meet any of the qualifying criteria is, of course, fatal to the action." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App. Apr. 24, 2003), perm. to appeal dismissed (Tenn. Sept. 2, 2003).

On appeal, the petitioner asserts that "the bullet introduced at his trial that allegedly killed the victim was not subjected to DNA analysis" and contends that "had he been afforded the opportunity to show that this important piece of the State's evidence was not even related to the case,

the verdict in this case would have been more favorable to him." The State responded to the petition, however, by asserting that there was never any evidence for DNA analysis in the case, "either collected at the crime scene or after." We observe, moreover, that there is nothing in the record to indicate how DNA testing of the bullet that killed the victim would have resulted in a more favorable outcome to the petitioner. In this respect, we note our characterization in the direct appeal opinion of the evidence of the petitioner's guilt as "overwhelming." Michael Lindsey, 1990 WL 14557, at *2. Thus, we conclude that the post-conviction court did not err in denying the petition for DNA analysis without an evidentiary hearing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the post-conviction court's denial of the petition for DNA analysis.

_____
ALAN E. GLENN, JUDGE